## Thomas Florence *v.* W. L. Troutman's Admr., &c.

**Parties—Heirs Made Parties to Close Mortgage Claim.**

Where a party purchases land at a decretal sale, agreeing that the mortgagor shall have the right to redeem, and later transferred his claim to the purchase to a third party, in an action by the latter to foreclose, the heirs of the original purchaser must be made parties.

**Lien for Purchase Money.**

Transfer to third party, does not pass title.

### APPEAL FROM HARDIN CIRCUIT COURT.

December 7, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

We think there can be no doubt of the fact that it was agreed between Troutman and Florence before the sale made in satisfaction of the judgment in favor of Brown and others, that Florence was to have the privilege of redeeming the land in case it was bought by Troutman.

The transaction with Samuel Jacobs & Co. does not seem to have been a sale to them by Troutman of the Florence land, but rather of the claim he held against Florence for the redemption of said land. The paper exhibited by them which purports to evidence a sale of the land is not signed by Troutman, and the evidence of Hoblegill, which is corroborated by all the circumstances developed by the record, not only rebuts the idea of any such sale, but, we think, establishes satisfactorily, that he (Troutman) accepted the merchandise account, and the agreement of Samuel Jacob & Co. to deliver to him the three Hardin county bonds in full satisfaction of his claim against Florence, and that he agreed that the same should be paid to them. This agreement passed to them the benefit of Troutman's lien upon the land to secure the judgment of the claim against Florence, and authorized him to make payments to them in the extinguishment of the same. Hence the lands of Florence are liable only for the balance due from him to Samuel Jacob & Co., and the court erred in adjudging them to be sold in satisfaction of the amount still

vol. 4—26

due and owing from them to Troutman. It seems that Troutman procured a conveyance of said land under his purchase at the decretal sale, and therefore held the legal title to the same at the time of his death. His heirs should have been made parties to this action before judgment, in order that the court might be able to pass their title to the purchaser.

For the errors indicated the judgment is reversed, and the cause remanded, with instructions to the circuit court to cause the heirs of Troutman to be made parties to this action and for further proceedings consistent with this opinion.

*Sweeney & S., for appellant.*
*Wintersmith, for appellee.*